# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-0795V
Filed: November 18, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| SHERRY HARRISON, | * |
| | * |
| Petitioner, | *   Damages Decision Based on Proffer; |
| | *   Influenza ("flu") Vaccine; Shoulder Injury |
| | *   Related to Vaccine Administration; |
| SECRETARY OF HEALTH | *   ("SIRVA"); Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | *   Special Processing Unit ("SPU") |
| | * |
| Respondent. | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Maximillian Muller, Muller Brazil, LLP, Dresher, PA, for petitioner.*
*Justine Walters, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION AWARDING DAMAGES AND ATTORNEYS' FEES AND COSTS[1]

**Dorsey**, Chief Special Master:

On July 27, 2015, Sherry Harrison ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). Petitioner alleged that she developed a shoulder injury as a result of receiving an influenza ("flu") vaccination on September 19, 2014. Petition at 1. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On November 5, 2015, a ruling on entitlement was issued, finding petitioner entitled to compensation for a shoulder injury related to vaccine administration ("SIRVA"). On November 17, 2015, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $65,000.00 in actual and projected pain and suffering, and $2,443.99 in past unreimbursable expenses.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Proffer at 2. Future unreimbursable expenses and lost earnings were not awarded. *Id.* at 1-2. In the Proffer, respondent represented that petitioner agrees with the proffered award. Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Additionally, petitioner supplied documentation of reasonable attorneys' fees and litigation costs in the amount of $14,000.00, incurred in pursuit of this petition. In compliance with General Order #9, petitioner has indicated that she did not incur any out-of-pocket expenses in proceeding on the petition. Respondent proffers that petitioner should be awarded $14,000.00 for attorneys' fees and costs. Proffer at 2. In the Proffer, respondent represented that petitioner agrees with the proffered award. *Id.*

Pursuant to the terms stated in the attached Proffer, the undersigned awards petitioner the following:[3]

A.  **A lump sum payment of $67,443.99 in the form of a check payable to petitioner, Sherry Harrison.** This amount represents compensation for pain and suffering and past unreimbursable expenses. This amount represents compensation for all damages that would be available under § 300aa-15(a).

B.  **A lump sum payment of $14,000.00 in the form of a check payable to petitioner and petitioner's attorney, Maximillian J. Muller** for attorneys' fees and costs.

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

                               <u>s/Nora Beth Dorsey</u>
                               Nora Beth Dorsey
                               Chief Special Master

---

[3] "Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages." Proffer at 2, fn. 1.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

_____
                                            )
SHERRY HARRISON,                            )
                                            )
       Petitioner,                         )
                                            )
v.                                          )   No. 15-795V
                                            )   Chief Special Master Dorsey
                                            )   ECF
SECRETARY OF HEALTH AND                     )   SPU
HUMAN SERVICES,                             )
                                            )
       Respondent.                         )
_____)

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.**    **Items of Compensation**

For the purposes of this proffer, the term "vaccine-related" is as described in Respondent's Rule 4(c) Report filed on November 5, 2015.

    A.    Future Unreimbursable Expenses

The parties agree that based upon the evidence of record, petitioner will not require future care for her vaccine-related injury. Therefore, respondent proffers that petitioner should be awarded no future unreimbursable expenses under 42 U.S.C. § 300aa-15(a)(1). Petitioner agrees.

    B.    Lost Earnings

The parties agree that based upon the evidence of record, petitioner has been employed and will continue to be gainfully employed in the future. Therefore, respondent proffers that petitioner should be awarded no anticipated loss of earnings under 42 U.S.C. § 300aa-15(a)(3)(A). Petitioner agrees.

    C.    <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $65,000.00 in actual and projected pain and suffering. This amount reflects that the award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

    D.    <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $2,443.99. Petitioner agrees.

    E.    <u>Medicaid Lien</u>

Petitioner represents that there are no outstanding Medicaid liens against her.

    F.    <u>Attorneys' Fees and Costs</u>

Petitioner has supplied documentation of reasonable attorneys' fees and litigation costs in the amount of $14,000.00, incurred in pursuit of this petition. In compliance with General Order #9, petitioner has indicated that she did not incur any out-of-pocket expenses in proceeding on the petition. Respondent proffers that petitioner should be awarded $14,000.00 for attorneys' fees and costs. Petitioner agrees.

## II.    <u>Form of the Award</u>

The parties recommend that compensation provided to petitioner should be made through lump sum payments as described below and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

    A.   A lump sum payment of $67,443.99, representing compensation for pain and suffering and past unreimbursable expenses, in the form of a check payable to petitioner; and

    B.   A lump sum payment of $14,000.00, in the form of a check payable to petitioner and petitioner's attorney, Maximillian J. Muller, Esq., for attorneys' fees and costs. Petitioner agrees to endorse this payment to petitioners' attorney.

**III.**   **Summary of Recommended Payments Following Judgment**

    A.   Lump sum paid to petitioner:   **$67,443.99**

    B.   Reasonable Attorneys' Fees and Costs:   **$14,000.00**

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

LYNN E. RICCIARDELLA
Senior Trial Attorney
Torts Branch, Civil Division

 s/ Justine Walters
JUSTINE WALTERS
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 307-6393

DATE: November 16, 2015